# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1744V
UNPUBLISHED

| | |
|---|---|
| GARY J. HUDECK,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 10, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On November 12, 2019, Gary J. Hudeck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on March 21, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 28, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On November 9, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $225,000.00 in actual pain and suffering and funds to satisfy a State of Michigan Medicaid lien in the amount of $129,797.15. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award** the following compensation:

1) A lump sum payment of $225,000.00 in the form of a check payable to petitioner; and

2) A lump sum payment of $129,797.15, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and to:
   OPTUMINSIGHT, INC.
   L-182643 GW2W10
   5555 Cleveland Avenue
   Columbus, OH 43231

Petitioner agrees to endorse this payment to OPTUMINSIGHT, INC. for satisfaction of the Medicaid lien. This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GARY J. HUDECK, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 19-1744V <br> Chief Special Master Corcoran <br> ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 12, 2019, Gary J. Hudeck ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barre syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on March 21, 2017. Petition ("Pet.") at 1. On August 24, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act, and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation on August 28, 2020. ECF No. 30; ECF No. 31.

**I.    Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that Gary J. Hudeck should be awarded $225,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a State of Michigan Medicaid lien in the amount of **$129,797.15**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about March 21, 2017, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

1)  A lump sum payment of $225,000.00 in the form of a check payable to petitioner.[1]

2)  A lump sum payment of $129,797.15, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and to:

>OPTUMINSIGHT, INC.
>L-182643 GW2W10
>5555 Cleveland Avenue
>Columbus, OH 43231

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

Petitioner agrees to endorse this payment to OPTUMINSIGHT, INC. for satisfaction of the Medicaid lien.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

        Respectfully submitted,

        JEFFREY BOSSERT CLARK
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>/s/ Alexa Roggenkamp</u>
        ALEXA ROGGENKAMP
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        (202) 616-4179
        alexa.roggenkamp@usdoj.gov

DATED:  November 9, 2020